

**FILED & ENTERED**

**FEB 05 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gae          **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:14-bk-27243-RK |
| BELEN ESCOBAR, | Chapter 7 |
| Debtor. | |
| | **MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION FOR CONFIRMATION THAT STAY EXISTED AT THE TIME OF FILING** |

Pending before the court is the Motion of Debtor Belen Escobar ("Debtor") to Confirm Automatic Stay Existed at the Time of Filing and Automatic Stay Was Violated, filed on December 18, 2014.  ECF 22.  The court set the Motion for an evidentiary hearing on February 6, 2015.  For the reasons stated herein, the court determines that having considered the moving and opposing papers, including the recently filed trial declarations of witnesses submitted by the parties, and taking judicial notice of prior proceedings in this case, an evidentiary hearing and oral argument are not necessary to resolve the Motion because the material facts are not in genuine dispute.  Accordingly, the court dispenses with oral argument and rules on the Motion on the papers and

vacates the evidentiary hearing on February 6, 2015, as set forth herein. *See* Rule 9013-1(i) and (j) of the Local Bankruptcy Rules.

On September 9, 2014, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. ECF 1. The petition indicates that Debtor filed the petition without counsel. *Id.*[1]

On October 17, 2014, Strategic Acquisitions, Inc. ("Strategic") filed a Motion for Relief from the Automatic Stay as to certain real property located at 220 S. Bullis Road, Compton, California 90221 (referred herein as the "Property"). ECF 6. The moving papers indicated that the movant was Strategic on the face of the motion on page 1. ECF 6 at 1. The moving papers also indicated that its counsel was Lane M. Nussbaum, of the law firm of West Coast Law, APC, or Nussbaum APC. *Id.* at 1-2. According to the Declaration of Peter Baer, Strategic's president, Strategic was the purchaser at a foreclosure sale of the Property conducted on September 10, 2014, as shown in a Trustee's Deed upon Sale recorded on September 24, 2014. ECF 6 at 7 and Exhibit 1 thereto. In the moving papers seeking stay relief, Strategic requested retroactive annulment of the stay declaring any postpetition acts to enforce its remedies not to constitute a stay violation. *Id.* at 5 and 10. On November 13, 2014, the foreclosure trustee, Old Republic Default Management Services ("Old Republic"), which conducted the foreclosure sale, filed a joinder to Strategic's Motion for Relief from Stay. ECF 27. In support of its joinder, the foreclosure trustee, Old Republic, filed the Declaration of Linda Perez, Assistant Vice President and Foreclosure Products and Services Manager for Old Republic, which stated that at the time of the foreclosure sale, the foreclosure trustee did not have knowledge of the Debtor's bankruptcy case. ECF 11 at 1-2.

---

[1] The court takes judicial notice of prior proceedings in this case, including filed pleadings and orders in this case. Rule 201 of the Federal Rules of Evidence; *see also,* Russell, *Bankruptcy Evidence Manual,* §§201:5-201:6 (2014-2015 ed.). The court notes that Strategic also requested that the court take judicial notice of prior proceedings in this case, including pleadings and orders filed in the case. *Request for Judicial Notice in Support of Memorandum of Points and Authorities in Support of Strategic's Opposition to Debtor's Motion to Confirm Automatic Stay*, ECF 34.

2

On November 18, 2014, the court conducted a hearing on Strategic's Motion for Relief from Stay. Debtor appeared for herself still without counsel at the hearing to oppose the stay relief motion, but as the case docket reflects, at the time of the hearing on November 18 she had not filed any written opposition to this motion as required by Local Bankruptcy Rule 9013-1(f). Audio file for hearing on November 18, 2014 at 11:15-11:25 a.m. The court continued the hearing on the stay relief motion to December 16, 2014, to allow Debtor an opportunity to file a written opposition to the motion. *Id.*

On December 2, 2014, Debtor as a self-represented party filed a written opposition to the stay relief motion. ECF 16. In the opposition, Debtor stated that she was considering converting the case to Chapter 13 and that she had a sufficient equity cushion in the Property to constitute adequate protection for the interest of Strategic as the stay relief movant. *Id.* at 3. The opposition did not address Strategic's request for retroactive annulment of stay. *Id.* at 2-3.

On December 3, 2014, the court entered an order and notice of dismissal of this bankruptcy case upon the request of the Chapter 7 trustee based on Debtor's failure to attend a meeting of creditors pursuant to 11 U.S.C. 341(a). ECF 15 and 17. Also, on December 3, 2014, Debtor filed a Motion to Convert Case from Chapter 7 to 13. ECF 18. Debtor's motion to convert was docketed after the court's order and notice of dismissal of the case. ECF 17 and 18.

At the continued hearing on the stay relief motion on December 16, 2014, counsel for Strategic and Old Republic made appearances, but Debtor did not appear. Audio file for hearing on December 16, 2014 at 11:01-11:08 a.m. and 11:18-11:22 a.m. At the hearing, the court determined that the stay relief motion was not moot in light of Strategic's request for relief for retroactively annulment of stay and granted the stay relief motion, and stated specific findings of fact on the record in favor of Strategic for stay annulment, primarily based on the Declaration of Linda Perez that the foreclosure trustee in conducting the postpetition foreclosure sale had no knowledge of Debtor's bankruptcy petition filed on September 9, 2014, the day before the foreclosure sale. *Id.* The court

3

Case 2:14-bk-27243-RK    Doc 36    Filed 02/05/15    Entered 02/05/15 15:13:21    Desc
Main Document    Page 4 of 7

directed counsel for Strategic to submit a proposed order granting stay relief. *Id.* at 11:22 a.m.

Counsel for Strategic lodged an order on the stay relief motion, which the court approved and entered on December 18, 2014. ECF 21. That lodged proposed order submitted by Strategic listed the movant as "Pro Value Properties, Inc." ("Pro Value"). *Id.* at 1. The court approved and entered that order, which granted annulment of the automatic stay retroactive to the petition date in favor of Pro Value as the movant. *Id.*

On December 18, 2014, Debtor filed through counsel, Deborah R. Bronner, of the Law Offices of Deborah R. Bronner & Associates, the instant Motion to Confirm Automatic Stay Existed at the Time of Filing and Automatic Stay Was Violated ("Motion to Confirm Stay"). ECF 22. On December 19, 2014, a substitution of counsel substituting in Ms. Bronner as counsel for Debtor was filed. ECF 24.

At the initial hearing on the Motion to Confirm Stay held on January 20, 2015, the court noted the problem with the name of the movant in the order granting the stay relief motion, which indicated that the movant and that the party obtaining stay relief was Pro Value rather than Strategic. Audio file for hearing on January 20, 2015, at 2:51-2:53 p.m. Counsel for Strategic orally represented at the hearing that Strategic and Pro Value were "one and the same" and argued that the order granting retroactive relief from stay to Pro Value was therefore effective as to Strategic as well. *Id.* The court stated that it was not so sure and that it was unable to determine the accuracy of this representation based on the record before it and set an evidentiary hearing on Debtor's Motion to Confirm Stay in part to resolve that issue. *Id* at 3:05-3:08 p.m.

Strategic now takes the position that the statements previously made by its counsel as to the relationship between it and Pro Value were inaccurate and that Pro Value never had an interest in the Property based on the Declaration of Ian Fleishman, a foreclosure analyst at Strategic. *Declaration of Ian Fleishman*, attached to *Supplemental Memorandum of Points and Authorities in Support of Strategic's Opposition to Debtor's Motion to Confirm Automatic Stay,* filed on January 30, 2015, ECF 34 at 6. Mr.

Fleishman further stated in his declaration that Strategic sometimes purchases properties for third-party investors, including Pro Value, but that in this instance, Strategic bought the Property for its own account. *Id.* at 6-7.  Mr. Fleishman's statements are corroborated by the Declaration of Karina Mooradian, a paralegal working for Strategic's counsel, Nussbaum APC, in a declaration admitting that she used an exemplar order for a stay relief motion in another case involving Pro Value and inadvertently failed to change the name of the movant to Strategic. *Declaration of Karina Mooradian*, attached to *Supplemental Memorandum of Points and Authorities in Support of Strategic's Opposition to Debtor's Motion to Confirm Automatic Stay,* ECF 34 at 8.  On January 30, 2015, Debtor filed her declaration on the Motion to Confirm Stay, stating that based on entity searches of Strategic and Pro Value on the California Secretary of State's website, the entity information, including entity numbers, filing dates and entity addresses, was different for these entities. *Declaration of Belen Escobar re: Confirmation of Automatic Stay and Violation thereof; Exhibits,* filed on January 30, 2015, ECF 32 at 2.

      Based on the court's review of the moving and opposing papers on the Motion to Confirm Stay and the other proceedings in this case discussed above, including the trial declarations of the witnesses to be called by the parties for the evidentiary hearing, Mr. Fleishman, Ms. Mooradian and Debtor, the record shows that the material facts are not in genuine dispute that the movant in the stay relief motion is and was always Strategic and that counsel for Strategic lodged a proposed order granting stay relief erroneously listing Pro Value as the movant.  The court notes that the moving papers for the stay relief motion always referred to Strategic as the movant and that counsel at the hearings on the stay relief motion on behalf of movant stated that they were appearing for Strategic as the movant.

      There is no evidence in the record before the court indicating that the moving party for the stay relief motion was Pro Value.  The only evidence in this record shows that the moving party for which the court was granting stay relief, including retroactive annulment of stay, was Strategic.  The problem is that the final order of the court on the stay relief

motion reflects that the party for which stay relief is being granted is Pro Value due to the mistake of counsel for Strategic through lack of oversight over the paralegal who made the scrivener's error in preparing the order.  It would exalt form over substance to grant the motion confirming that the automatic stay applies to Strategic because the court had granted stay relief to Strategic upon its prior stay relief motion.  However, the final order on the stay relief motion mistakenly refers to Pro Value, and should be corrected pursuant to Rule 60 of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure.

Accordingly, the court finds on this record that Debtor's Motion to Confirm Stay should be denied.  However, although the court may have discretion on its own or on motion to correct the stay relief order on grounds of a clerical mistake pursuant to Civil Rule 60(a) and Bankruptcy Rule 9024, the court determines that Strategic should make the motion to correct the final stay relief order on grounds of mistake under Civil Rule 60 and Bankruptcy Rule 9024 since the court is ruling only on the matter before the court, which is Debtor's Motion to Confirm Stay.  The court leaves it to Strategic to seek appropriate relief if it requests correction of the stay relief order in a proper motion under these rules, and it would be better that Debtor be given an opportunity to respond appropriately to such motion and be heard.

///

///

1      For the reasons stated above, the Motion to Confirm Stay is denied, and the

2 evidentiary hearing set for February 6, 2015 is vacated.

3      IT IS SO ORDERED.

4                                                      ###

Date: February 5, 2015

_____
Robert Kwan
United States Bankruptcy Judge